```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

MARIBEL COLON, on behalf of
herself and all others
situated,

      Plaintiff,

v.                                    Case No: 2:13-cv-464-FtM-29DNF

WAL-MART STORES, INC., a
foreign limited partnership,

      Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on plaintiff's Motion to Strike/Dismiss Defendant's Answer and Affirmative Defenses and Demand for Definite Statements (Doc. #16) filed on September 18, 2013. Defendant filed a Response (Doc. #18) on October 7, 2013.

On June 20, 2013, plaintiff Maribel Colon filed a Complaint (Doc. #1) against defendant Wal-Mart Stores, Inc. on her own behalf and on behalf of all others similarly situated. Plaintiff alleges that defendant violated Fla. Const. Art. X § 24(c) by failing to pay minimum wage and the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, by failing to pay minimum wage and the proper overtime rate, and requests money damages and declaratory relief. Defendant filed an Answer and Affirmative Defenses (Doc. #14) on September 5, 2013,

containing twenty-nine affirmative defenses, eight of which plaintiff now seeks to strike.

**I.**

Under Fed. R. Civ. P. 12(f), "the Court may order stricken from any pleading any insufficient defense or redundant, immaterial, impertinent, or scandalous matter." Courts disfavor motions to strike and deny them unless the allegations have "no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995). "An affirmative defense is generally a defense that, if established, requires judgment for the defendant even if the plaintiff can prove his case by a preponderance of the evidence." Wright v. Southland Corp., 187 F.3d 1287, 1302 (11th Cir. 1999). Affirmative defenses must follow the general pleading requirements contained in Rule 8 of the Federal Rules of Civil Procedure. A party must "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). As with any pleading, an affirmative defense must provide "fair notice" of the nature of the defense and the grounds upon which it rests, Bell Atl. Corp. v. Twombly, 550 U.S. 544, 553 (2007), and state a plausible defense. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

**II.**

**A.   Defendant's First Affirmative Defense**

Defendant's First Affirmative Defense states that "The Fair Labor Standards Act's (FLSA) opt-in class procedures are incompatible and irreconcilable with Rule 23, Fed. R. Civ. P., class action provisions.  <u>Nadreau v. Lush Cosmetics NY, LLC</u>, 2012 U.S. Dist. LEXIS 125784 (M.D. Fla. Aug. 13, 2012) (adopted in U.S. Dist. LEXIS 125789 (M.D. Fla. Sept. 5, 2012))."  (Doc. #14, ¶ 90.) Plaintiff asserts that this defense should be stricken because it is merely legal conclusions and lacks merit because trying the state and federal claims together serves judicial economy.

This is not an affirmative defense to plaintiff's claims, but a challenge to the procedures for proceeding as a collective action.  Resolution of this issue says nothing about the merits of the claims.  Therefore, the motion will be granted and the First Affirmative Defense will be stricken.

**B.   Defendant's Second and Third Affirmative Defenses**

Defendant's Second Affirmative Defense asserts that plaintiff's Florida law minimum wage claims are not properly before the Court because plaintiff has failed to allege that she provided pre-suit notice pursuant to Fla. Stat. § 448.110, nor did she comply with the statute's requirements.  (Doc. #14, ¶ 91.)  In its Third Affirmative Defense, defendant asserts that pre-suit notice

pursuant to Fla. Stat. § 448.110 is required for each class member. (Id. ¶ 92.)

Plaintiff asserts that the defenses should be stricken because they assert legal conclusions and, in the alternative, argues that plaintiffs who bring suit under the Florida Minimum Wage Act are not required to satisfy the notice requirement of Fla. Stat. § 448.110(6)(a). Plaintiff further asserts that she sent a letter to defendant on May 10, 2013, prior to the initiation of the lawsuit.

The Court finds that defendant's Second and Third Affirmative Defenses are indeed affirmative defenses and that as pled they provide plaintiff with fair notice of the nature of the defenses and their grounds. The Court further finds that the defenses are plausible. Accordingly, plaintiff's motion to strike and dismiss defendant's Second and Third Affirmative Defenses is denied.

## C. Defendant's Eighth Affirmative Defense

The Eighth Affirmative Defense asserts: "all actions taken by Defendant were performed in good faith and based upon reasonable grounds, wherein Defendant believed the practices to be in full compliance with all applicable law. Plaintiff is not entitled to liquidated damages under the applicable law." (Doc. # 14, p. 14.)

4

Plaintiff claims that this defense is inadequate because defendant has failed to allege the elements of a good faith defense and has failed to support the defense with factual allegations.

Plaintiff's argument relies on the standard for a good faith defense under 29 U.S.C. § 259, but the defense asserted falls under 29 U.S.C. § 260.  Under Section 260, an award of liquidated damages may be denied "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable ground for believing that his act or omission was not in violation of the [FLSA]."  29 U.S.C. § 260.  Although lacking in detail, the Court finds that this defense is sufficiently pled.  The defense puts plaintiff on notice that defendant will be raising the issue of its good faith belief that it was not violating the FLSA.  Accordingly, the Court will deny the motion to strike the Eighth Affirmative Defense.

**D.   Defendant's Ninth Affirmative Defense**

Plaintiff seeks to strike the Ninth Affirmative Defense because it simply identifies purported defects in the complaint and does not satisfy the short and plain statement requirement of Rule 8(a).  The defense is as follows:

> Plaintiff has failed to plead with sufficiency and has failed to state a claim upon which relief can be granted or as required by Rules of Court as to the alleged "others similarly situated" and, therefore, cannot maintain claims as to said "others."  Plaintiff is not

5

>similarly situated to Defendant's laborers due to her job functions managing personnel and payroll timekeeping functions.

(Doc. # 14, p. 15.)

Failure to state a claim upon which relief may be granted is a proper affirmative defense. Fed. R. Civ. P. 12(b)(6). The Court finds that this affirmative defense contains sufficient factual allegations to state a plausible defense. The motion to strike will be denied as to the Ninth Affirmative Defense.

**E. Defendant's Fifth, Twenty-Second, and Twenty-Seventh[1] Affirmative Defenses**

Plaintiff argues that these defenses should be stricken because they provide no more than bare bones allegations. The Fifth Affirmative Defense asserts that "Plaintiff was paid all monies due to her consistent with the applicable laws." (Doc. # 14, p. 14.) This defense is, in effect, a denial because it simply alleges defects in plaintiff's prima facie case. See In re Rawson Food Serv., Inc., 846 F.2d 1343, 1349 (11th Cir. 1988) ("A defense which points out a defect in the plaintiff's prima facie case is not an affirmative defense."). However, when a party incorrectly

---

[1] Plaintiff's motion states that she seeks to strike the Twenty-Sixth Affirmative Defense (Doc. # 16, pp. 1, 3, 6), but the motion quotes the Twenty-Seventh Affirmative Defense as the one at issue (Doc. # 16, p. 6); therefore, the Court will address the Twenty-Seventh Affirmative Defense.

labels a "negative averment as an affirmative defense rather than as a specific denial[,] . . . the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial." Gonzalez v. Spears Holdings, Inc., No. 09-60501-CIV, 2009 WL 2391233 (S.D. Fla. July 31, 2009) (citation omitted); Pujals ex rel. El Rey De Los Habanos, Inc. v. Garcia, 777 F. Supp. 2d 1322, 1328 (S.D. Fla. 2011).  Therefore, the Court will treat the Fifth Affirmative Defense as a denial and will deny the motion to strike it.

The Twenty-Second Affirmative Defense asserts that "Plaintiff failed to state an unpaid overtime wage claim under the Fair Labor Standards Act."  (Doc. # 14, p. 18.)  This is a proper affirmative defense and is properly pled.  The motion to strike is denied.

The Twenty-Seventh Affirmative Defense asserts that "Plaintiff is no longer an employee of Defendant.  Plaintiff lacks standing for the declaratory judgment action as asserted in Count IV of the Complaint.  Plaintiff cannot establish likelihood of a real and immediate future injury."  (Doc. # 14, p. 19.)  The lack of standing is not an affirmative defense, but rather is a matter which goes to the subject matter jurisdiction of the court.  Such a challenge must be made by a motion to dismiss.  The motion to strike the Twenty-Seventh Affirmative Defense is granted without prejudice.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion to Strike/Dismiss Defendant's Answer and Affirmative Defenses and Demand for Definite Statements (Doc. #16) is **GRANTED IN PART AND IS DENIED IN PART.** The motion is granted as to the First Affirmative Defense and the Twenty-Seventh Affirmative Defense, and is otherwise denied.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of April, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of record